IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **ELLEN WALKER,** | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action Number **00-C-1924-W** |
| **NORTHSTAR PARAMEDIC SERVICES INC.,** | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION ON
MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff brings this case under the Fair Labor Standards Act, 29 U.S.C. §§ *et seq.*, ("FLSA"); the Pregnancy Discrimination Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Defendant has filed a Motion for Summary Judgment and Plaintiff has filed a Motion For Partial Summary Judgment. Upon careful consideration of all submitted materials, the Court concludes that based on the undisputed facts, Defendant is entitled to judgment as a matter of law on Plaintiff's FMLA and pregnancy discrimination claims. On the other hand, the existence of genuinely disputed issues of material fact preclude summary judgment for either party on the FSLA overtime claim.

**I.**

Plaintiff obtained an EMT basic license in 1987, and she obtained employment with the City of York Ambulance Service in Sumter County, Alabama. She worked for the City of York

Ambulance Service for eleven years, during which time she earned an EMT paramedic license and was promoted to the position of Chief of Ambulance Services.

In March 1998, Plaintiff Ellen Walker accepted employment with Defendant NorthStar Paramedic Services, Inc. ("NorthStar") in Tuscaloosa, Alabama. NorthStar is owned by Tony Smelley. In October 1998, Smelley and others incorporated the Sumter County EMS. Plaintiff was transferred as an EMT to the Sumter County EMS upon its formation.

NorthStar performed all administrative services for the Sumter County EMS, including payroll preparation, human resources, and safety training.

Plaintiff notified her manager, Ed Morris, that she was pregnant in January 1999. After consulting the safety manager, Ed Swindle, Morris informed Plaintiff that she would be required to obtain a letter from her doctor stating that she could continue to meet the requirements of her job, including the ability to lift 100 pounds.

Plaintiff thereafter obtained and submitted to her employer a letter from her obstetrician, Dr. Daniel McKiever, which stated that Plaintiff "is able to perform job functions and can assist in lifting up to 100 pounds."

Plaintiff was then informed that her job required that she be capable of lifting up to 135 pounds. She was told that no light duty jobs were available.

Plaintiff was placed on medical leave for the remainder of her pregnancy. Defendant canceled her insurance.

At all relevant times, it was an essential function of an EMT to "[h]ave good physical stamina and endurance, which would not be adversely affected by having to lift, carry, and balance at times, in excess of 125 pounds. (250) pounds with assistance...." Alabama Department of Public Health, Emergency Medical Services Rules, Appendix C - 12, XI. EMT

2

ESSENTIAL FUNCTION REQUIREMENTS, A. 2.

## II.

Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). A fact is deemed material if it might affect the outcome of the litigation. *See Mulhall v. Advance Security, Inc.*, 19 F.3d 586, 590 (11th Cir. 1994); *cert. denied*, 115 S. Ct. 298 (1994). The substantive law governing the dispute determines whether facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (11th Cir. 1986).

The moving party bears the burden of establishing the lack of genuine issue of material fact. Once met, the burden shifts to the nonmoving party to demonstrate the existence of a triable issue of material fact. *See Chanel, Inc. v. Italian Activewear, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). The Court views all facts in the light most favorable to the nonmoving party.

Under the Pregnancy Discrimination Act ("PDA"), an employer is prohibited from discriminating against an employee "because of sex" or "on the basis of sex" including pregnancy, childbirth, or other related conditions. 42 U.S.C. § 2000e(k). Two types of discrimination exist: disparate treatment and disparate impact. The plaintiff must prove intentional discrimination on a disparate treatment claim; however, it is not required on a disparate impact claim. *Armstrong v. Flowers Hosp. Inc.*, 33 F.3d 1308, 1313 (11th Cir. 1994).

Where there is no direct evidence of pregnancy discrimination, a plaintiff must adduce circumstantial evidence from which an inference of intentional discrimination can be drawn. *Id.* To prevail on her disparate treatment claim, a plaintiff must prove that (1) she is a member of a protected class under Title VII; (2) she was qualified for the position; (3) she suffered an adverse

employment action; and (4) she suffered from a differential application of work rules. *Spivey v. Beverly Enterprises, Inc.*, 196 F.3d 1309, 1312 (11th Cir. 1999). The PDA does not require that employers give preferential treatment to pregnant employees. *Id.* In fact, under the PDA, the employer ignores the employee's pregnancy and treats her the same as every other employee. *Id.* at 1313 (citing *Piraino v. International Orientation Resources, Inc.* 84 F.3d 270, 274 (7th Cir. 1996).

The State of Alabama has adopted specific physical requirements for an emergency medical technician ("EMT"). Each EMT must:

1. Have the physical agility to walk, climb, crawl, bend, push, pull, or lift and balance over less than ideal terrain.

2. Have good physical stamina and endurance, which would not be adversely affected by having to lift, carry, and balance at times, in excess of 125 pounds. (250 with assistance)

To qualify for FMLA leave, an employee must have been employed by her employer for at least 12 months. 29 U.S.C. § 2611(2)(A).

### III.

#### A.

It is incontrovertibe that at all material times, Plaintiff was not qualified to work as an EMT due to the state-imposed lifting requirements. Dr. McKiever's restrictions clearly prevented her from performing those defined responsibilities of her position. Although Dr. McKiever was unaware of the State's requirements when he imposed these limitations, he concedes that even if he had known of the State's lifting requirements, he still would have imposed the same limitations on Plaintiff.

Although some NorthStar employees had been placed on paid medical leave for non-

work related matters, no other Sumter County EMS employee had been placed on paid medical leave. Like Plaintiff, these similarly situated employees were placed on unpaid leave until they were cleared to return to work by their physicians.

Based on the undisputed facts, Defendant NorthStar is entitled to judgment as a matter of law on the pregnancy discrimination claim.

B.

Plaintiff began her employment with NorthStar in the Spring of 1998 and with Sumter County EMS in October 1998. Plaintiff had not been employed for the requisite 12 months and consequently, was not eligible for FMLA leave when she went on medical leave in February 1999.

Therefore, Defendant is also entitled to judgment as a matter of law on the FMLA claim.

C.

Genuine issues of material fact surround the overtime claim. The procedure in which Defendant compensated employees for on-call shifts is ambiguous. A jury must sort out the disputed facts relating to the policy.

## Conclusion

By separate order, summary judgment will be granted to Defendant on Plaintiff's pregnancy discrimination and FMLA claims. Summary judgment on the overtime claim will be denied.

Done this the  13th  day of June, 2001.

Chief United States District Judge
U. W. Clemon